**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1440-15T2

D.L.,

    Plaintiff-Respondent,

v.

W.L.,

    Defendant-Appellant.

_____

Argued March 21, 2017 — Decided April 7, 2017

Before Judges Koblitz and Rothstadt.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Union County,
Docket No. FM-20-14-05.

Philip B. Vinick argued the cause for
appellant.

Adelaide Riggi, argued the cause for
respondent (Snyder Sarno D'Aniello Maceri Da
Costa, LLC, attorneys; Ms. Riggi, of counsel
and on brief; Sarah Davis, on the brief).

PER CURIAM

    Defendant W.L. appeals from an October 20, 2015 Family Part

order, entered after affording oral argument, finding that he did

not make a prima facie showing of substantial changed circumstances warranting a review of his current child support obligation of $331 per week, $17,212 per year, for his disabled adult son. Defendant also pays 80 percent of their son's unreimbursed medical expenses. We affirm substantially for the reasons expressed by Judge Theresa E. Mullen in her statement of reasons attached to the order.

Defendant, a seventy-four-year-old licensed psychologist who is a sole proprietor of his own practice, has an ongoing obligation to support his fifty-year-old son who suffers from paranoid schizophrenia and was adjudicated permanently disabled by the Social Security Administration in 1989. Defendant is remarried and has a seventeen-year-old daughter with his second wife. He claims that managed care has precipitated the permanent decline of his income from $150,000 in 2006 to $36,000 in 2014 because it limits both the amount of money earned per appointment and the number of sessions his patients may attend. According to defendant, managed care reduced his $150 to $200 per session fee to between $60 to $90 per session.

In June 2006 the parties stipulated, after testimony had been elicited in a plenary hearing, that defendant earned $150,000. In 2015, defendant moved to reduce or terminate his child support payments due to a change in circumstances. Contrary to Rule 5:5-

2

4(a), he did not attach his 2006 Case Information Statement (CIS) to his application, although he did provide a current CIS and tax returns reflecting that he paid himself an income of $37,169 in 2013, made mandatory and discretionary IRA withdrawals and received $26,685 from Social Security. On his current CIS he listed his expenses as approximately $73,000, but explains in his appellate brief that, contrary to the CIS instructions, those include the expenses for his wife and daughter. Defendant's 2014 business tax return reflects more than $112,000 in business expenses. His wife earned approximately $78,000 that year. Plaintiff argued that, based on defendant's submissions, he earned a real income of at least $132,832, without counting the cash income she alleged he received.

Quoting Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006), Judge Mullen stated that as a self-employed obligor defendant's income should be viewed "more expansively" because he is in "a better position to present an unrealistic picture of his or her actual income than a W-2 earner." She noted that although defendant claimed $37,169 as income on his CIS, his business tax deductions include his benefits of $21,487, which were "for himself as he is his only employee." The judge also mentioned that defendant's personal expenses totaled more than $6066 per month.

Finally, the judge stated that plaintiff was not required to provide any financial documentation "until [d]efendant meets his burden to prove a changed circumstance." See Donnelly v. Donnelly, 405 N.J. Super. 117, 132 (App. Div. 2009) (citing Lepis v. Lepis, 83 N.J. 139, 157 (1980)).

When we "review[] decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). The Family Part's decision should not be "disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Jacoby, supra, 427 N.J. Super. at 116 (quoting Foust, supra, 340 N.J. Super. at 315-16).

Judge Mullen emphasized that determining changed circumstances "necessarily entails knowing the starting point before the change, that is, the point from which the change can be measured." Foust, supra, 340 N.J. Super. at 316. Defendant did not provide Judge Mullen with a transcript of the 2006 testimony, nor any prior CIS from any of his seven prior motions to reduce support or any other expense or tax information for 2006. If, indeed, his 2006 CIS was lost, he should have stated his efforts to obtain it.

We do not intend by this opinion to preclude defendant from submitting another application to reduce child support, with the proper information and attachments to explain any gaps or insufficiencies, which he failed to supply in his April 2015 application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1440-15T2